NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD., | |
| Plaintiff, | Civil Case No. 07-0739 (FSH) |
| v. | **ORDER and OPINION** |
| LARUE INTERNATIONAL, | Date: May 21, 2008 |
| Defendant. | |

**HOCHBERG, District Judge**

This matter having come before the Court upon Plaintiff's March 6, 2008 Motion for Sale of Goods; and

it appearing that the Court granted an order of maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims on April 16, 2007; and

it appearing that on January 4, 2008 the Court granted default judgment to Plaintiff in the amount of $53,764.71; and

it appearing that on March 6, 2008 Plaintiff moved the Court to permit the sale of the attached goods to satisfy the judgement; Defendant was served with Plaintiff's motion on March 5, 2008; and

it appearing that Defendant has not appeared in this action and did not oppose the instant motion; and

it appearing that the Court ordered Plaintiff to submit a short brief explaining the legal basis for the proposed sale of the attached goods; and that Plaintiff failed to submit the brief by the deadline set forth in the order; and

it appearing that on May 16, 2008 the Court denied Plaintiff's motion for sale of goods without prejudice and ordered Plaintiff to submit the requested brief if it wished to re-file the motion for sale of goods; and

it appearing that Plaintiff has submitted a short letter brief directing the Court to Rule E(9)(b)[1] of the Supplemental Maritime Rules and directing the Court to cases in which Courts have ordered, pursuant to Rule E, the sale of goods attached pursuant to Rule B; in Denet Towing Service, Inc. v. Barge Rhea 84, for example, the court entered default judgment and permitted the sale of the arrested barge pursuant to Rule E(9)(b).  See 2000 WL 943223, 3 (E.D. La. 2000) ("[T]he Court shall grant [Plaintiff's] Motion for Entry of Default Judgment and for Order of Sale of Vessel Pursuant to Rule E(9)(B) by separate order.");[2]

**ACCORDINGLY IT IS** on this 21st day of May

---

[1] Rule E(9)(b) is entitled "Sales; Proceeds" and reads in relevant part:

All sales of property shall be made by the marshal or a deputy marshal, or by other person or organization having the warrant, . . .; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.

Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims.  The Court reads Rule E(9)(b) as distinct from Rule E(9)(a), which is entitled "Interlocutory Sales; Delivery" and which requires an additional showing that the goods are perishable, that the expense of keeping them is excessive, or that there is an unreasonable delay in securing the release of the property.  The sale ordered herein is not "interlocutory" because the Court granted default judgment to Plaintiff on January 4, 2008.

[2] Plaintiff also directs the Court to Artemis Shipping and Navigation Co. SA v. Tormar Shipping AS, 2003 WL 22928792 (E.D. La. 2003).  The court in Artemis Shipping stated that "[o]n February 3, 2003, the court ordered and confirmed the private sale of the bunkers pursuant to Supplemental Rule E(9)".  See 2003 WL 22928792 at 1.  It appears, however, that the plaintiffs in Artemis Shipping did not yet have a judgment at the time of the private sale, and that the interlocutory provision of Rule E(9)(a) should therefore have applied.  See n.1, supra.

**ORDERED** that the Court's order denying Plaintiff's motion for sale of goods (DKT#24) is hereby **VACATED**; and it is further

**ORDERED** that Plaintiff's motion for sale of goods (DKT#21) is **GRANTED**; and it is further

**ORDERED** that notice of said sale shall be given by publication for six days prior to the sale; and that the sale shall be conducted by public auction to the highest bidder; and the seller shall require cash or certified check for 50% of the bid at the time of the sale; and the balance is to be paid on the date the sale is confirmed and on condition that the deposit shall be forfeited and applied to the costs of the auction if the bid is not paid when due; and that, in the event of a non-paying bidder, any proceeds in excess of costs shall be deposited with the registry of the court at the same time as the proceeds from the final sale; and in the event of a non-paying bidder, the process for sale described in this paragraph shall be repeated until a sale is finalized; and it is further

**ORDERED** that the proceeds of such sale "shall be forthwith paid into the registry of the court to be disposed of according to law", see Rule E(9)(b); and it is further

**ORDERED** that Plaintiff shall file its claim on the proceeds of the sale with this Court as soon as possible following the sale so that the Court may order the prompt disposition of those proceeds in accordance with the Court-ordered default judgment granted to Plaintiff on January 4, 2008.

/s/ Faith S. Hochberg

**HON. FAITH S. HOCHBERG, U.S.D.J.**